**United States District Court**
For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5                          OAKLAND DIVISION
6
7    PAUL C. BOLIN,
8                    Plaintiff,              No. C 14-3609 PJH (PR)
9        vs.                                 **ORDER OF DISMISSAL**
10   RICHARD GILMAN, et. al.,
11                   Defendants.
     _____/
12
              Plaintiff, a state prisoner at San Quentin State Prison, has filed a pro se civil rights
13
     complaint under 42 U.S.C. § 1983.   He has been granted leave to proceed in forma
14
     pauperis.
15
                                        **DISCUSSION**
16
     **A.    Standard of Review**
17
              Federal courts must engage in a preliminary screening of cases in which prisoners
18
     seek redress from a governmental entity or officer or employee of a governmental entity.
19
     28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
20
     dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
21
     be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at
22
     1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
23
     *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
24
              Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
25
     the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
26
     the statement need only '"give the defendant fair notice of what the . . . . claim is and the
27
     grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations
28
     omitted).  Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff is a condemned prisoner who seeks monetary damages from his appointed appellate attorneys and for new attorneys to be appointed.

A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 129 S. Ct. 1283, 1291-92 (2009).  It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under *Polk County*.  *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir.) (en banc), *cert. denied*, 540 U.S. 814 (2003).

1    Plaintiff alleges that several attorneys who were appointed to represent him on his

2  direct appeal and habeas actions have engaged in intentional malfeasance, destruction of

3  records and have subjected plaintiff to cruel and unusual punishment due to the lengthy

4  time of his appeals.  The California Supreme Court affirmed plaintiff's sentence of death,

5  *People v. Bolin*, 18 Cal. 4th 297 (1998), and his federal habeas petition actively continues

6  after a recent evidentiary hearing, *Bolin v. Woodford*, 1:99-cv-05279-LJO-SAB.  As the

7  appointed attorneys are not acting under state law, plaintiff cannot proceed with a § 1983

8  action.  To the extent plaintiff seeks new attorneys in his habeas case he must seek that

9  relief in that case.[1]

10                                    **CONCLUSION**

11    1.  This action is **DISMISSED** with prejudice for failure to state a claim.

12    2.  Plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED**.

13    3.  The Clerk shall close this case.

14    **IT IS SO ORDERED.**

15  Dated: September 16, 2014.    _____

16                                      PHYLLIS J. HAMILTON
                                      United States District Judge

17  G:\PRO-SE\PJH\CR.14\Bolin3609.dis.wpd

18

19

20

21

22

23

24

25

26    [1] Plaintiff has previously filed cases with similar claims regarding the length of death
27  penalty appeals.  *See, e.g.*, *Bolin v. Chappell*, 2013 WL 3791428 (E.D. Cal., July 19, 2013).
    Petitioner's appeal and writ of mandamus to the Ninth Circuit were also denied.  *Bolin v.*
28  *Chappell*, No. 13-72462.  He also filed a similar complaint in the District of Columbia that was
    recently transferred to this court.  *Bolin v. State of California*, No. C 14-4087 PJH (PR).

United States District Court
For the Northern District of California